**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                          NO. 4:13CR00268 JLH
                             NO. 4:13CM00126 JLH

JUSTIN JAY TAYLOR,
BLAKE LYNN TAYLOR,
and AUSTIN H. TAYLOR                                               DEFENDANTS

**ORDER**

Pursuant to 28 U.S.C. § 3145, the United States has appealed the decision of the United States Magistrate Judge to release these three defendants, Justin Jay Taylor, Blake Lynn Taylor, and Austin H. Taylor. The review by this Court is *de novo*. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985). The Court may order that a defendant be detained if no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community. 18 U.S.C. § 3142(a). When there is probable cause to believe that the person committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(e)(3)(A). This presumption imposes on the defendants a burden of production but does not shift the burden of persuasion, which remains on the government. *United States v. Moss*, 887 F.2d 333, 338 (1st Cir. 1989). A finding that no set of conditions will reasonably assure the safety of another person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

After the Magistrate Judge made the detention ruling, these three defendants were indicted on a charge for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. *See* 18 U.S.C. § 841(b)(1)(c). Thus, probable cause has been

established. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person in the community, the Court must take into account the nature and circumstances of the offense, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Court has reviewed the transcript of the hearing before the Magistrate Judge and has given the parties an opportunity to submit additional evidence.

The offense alleged is conspiracy to possess with intent to distribute and to distribute a Schedule I controlled substance and analogs of a Schedule I controlled substance in violation of 21 U.S.C. §§ 841(a), (b)(1)(C), 813, and 846. The substance that is the subject of the alleged conspiracy is smokable synthetic cannabinoids. The evidence is sufficient to put the defendants on notice that they will be subjected to a trial in which they could reasonably believe they might be convicted. *United States v. Townsend*, 847 F.2d 989, 995 (9th Cir. 1990).

As to the history and characteristics of the defendants, all of them are residents of the Mayflower community and unlikely to flee. The issue is not whether they are flight risks, but whether they present a danger to other persons or to the community. None of them has previously been convicted of a felony. According to the bond status report, Blake has a prior conviction for assault causing injury to a family member, and Justin has a prior conviction for possession of a controlled substance.

Allison Meeks, a potential witness, testified that she received threats from Justin and Blake. Those threats included threats to rape her and to kill her, or to do whatever that was necessary to

keep her quiet.[1]  Similar threats were made to Meeks's younger sister.  Sarah Haynes, another potential witness, testified that Justin told her to arrange for Allison Meeks to go to his house, evidently to make sure that her testimony was favorable to the defense.  She testified that Justin told her that if she did not cooperate, that she also would be raped.  Haynes and an officer from the drug task force testified that Justin and Blake had used threats of force to detain another potential witness, Austin Coles, for a period of days, before Coles managed to escape.  According to the officer, Coles was fearful of retribution and therefore refused to come to a detention hearing to testify.

Part of the defendants' argument was that the lapse of time between the first of the alleged threats and the arrests of these three defendants was inconsistent with the claim that there was genuine fear.  Special Agent Tom Fisher of the DEA testified to the following timeline.  On July 23, 2013, certain individuals were arrested, including Meeks and Blake.  On July 24, 2013, Meeks bonded out.  On July 26, Meeks left town looking for a more rural location where the defendants could not find her.  On July 29, which was the following Monday, she was interviewed by the Conway Police Department with her mother.  The interview was videotaped.  On July 30, Fisher and another DEA agent interviewed Meeks.  On Friday, August 9, Fisher met with Haynes, who corroborated Meeks's statements and informed the DEA of her own threat.  On that same day, Meeks filed a police report stating that someone tried to run her off the road.  On Monday, August 12, Fisher interviewed Meeks again and discussed with her the incident involving the vehicle that tried to run her off the road.  On August 13, Fisher met with AUSA Anne Gardner to begin preparing a complaint so that arrest warrants could be issued, which was a change in the DEA's plans.  The DEA had

---

[1] At the hearing before the undersigned, the government played a videotape of an interview conducted by the Conway Police Department of Meeks, with her mother present.  That videotape added nothing of significance to the information already in the record.

planned to obtain indictments and begin arrests in this case in September. On August 14, warrants were issued. On August 15, Justin, Blake, and Austin were arrested. The delay here does not give rise to an inference that Meeks, the government, or both did not view the threats as real.

In this context, it is significant that when Justin and Blake's residence was searched, three firearms were discovered. Two of them were .22 rifles, one with the stock removed, and one was a shotgun. There is also evidence that earlier this year Justin purchased two handguns from a co-defendant, Timothy Inmann, for use in connection with drug trafficking.

Although Justin and Blake have no prior felony convictions, the evidence that they have made threats against two potential witnesses and have used threats to detain another against his will constitute clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of potential witnesses and of the community. Therefore, Justin and Blake will be detained.

With respect to Austin, there is no evidence that he made any threats. Allison Meeks testified that as she was walking down a road, a pickup truck driven by Austin swerved and narrowly missed hitting her, but that testimony has been contradicted by a passenger in the vehicle, who testified that Austin did not swerve toward Meeks. Austin has no criminal history. As to Austin, the Court cannot find by clear and convincing evidence that no conditions will reasonably assure the safety of other persons and the community. Austin will continue to be released on the same terms and conditions.

IT IS SO ORDERED this 24th day of September, 2013.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE